US District Court for the Middle District of TN

) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.**

)

) The Vanderbilt University and Vanderbilt University Medical Center

)

) Defendants

## Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. The Vanderbilt University is a Tennessee Corporation operating from 305 Kirkland Hall, Vanderbilt University, Nashville, TN 37240. They can be served via registered agent at 305 Kirkland Hall, General Counsel, Nashville, TN 37240.

3. Vanderbilt University Medical Center is a Tennessee corporation operating from 1161 21st Ave., S. ste D3300 MCN, Nashville, TN 37211 and can be served via registered agent: National Registered Agents, Inc., 800 S. Gay Street, ste 2021, Knoxville, TN 37929.

4. John/Jane Does 1-5 are other liable parties/entities which are currently unknown to the Plaintiff, but should be known through discovery.

## Jurisdiction

5. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Tennessee in placing numerous phone calls to consumers in the state of Tennessee as part of a robocall marketing campaign in which tens of thousands of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

6. Specific personal jurisdiction is apparent for the defendants as the claims rise out of and are related to the contacts by the defendants to the Plaintiff residing in Tennessee, including but not limited to committing tortious conduct within Tennessee, causing injury to Tennessee residents arising out of acts and omissions comitted while engaged in solicitation and service activities within Tennessee.

7. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

## FACTUAL ALLEGATIONS

8. Over the past several years, the Plaintiff received over 400 automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-212-

9191 from one or both of the Defendants. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

9. Additionally, the calls contained a pre-recorded message. The calls were not for an emergency purpose and were placed without the Plaintiff's prior express written consent. Upon information and belief, the calls were placed as part of some sort of fundraising campaign.

10. By placing automated calls to the Plaintiff's cell phone, the calls violated 47 USC 227(b)(1)(A)(iii). By placing calls with pre-recorded messages to the Plaintiff's cell phone, the calls violated 47 USC 227(b)(1)(A)(iii), which entitles the Plaintiff to $1500 per call pursuant to 47 USC 27(b)(3).

11. The calls also violated 47 USC 27(c)(5) as codified through the FCC's rulemaking authority in 47 CFR 64.1200 which includes additional provisions and regulations on automated calls. These additional violations entitle the Plaintiff to recover another $1500 per call or in total, $3000 per call.

12. The calls specifically violated 47 CFR 64.1200(a)(1)(iii) and 47 CFR 64.1200(a)(2) by initiating automated calls to the Plaintiff's cell phone and 47 CFR 64.1200(b) for not having a compliant automated message by failing to state the identity of the entity calling and a phone number for the entity to call and place do-not-call requests during regular business hours. The calls also violated 47 CFR 64.1200(d) as the Defendants do not have a written policy for

maintaining a do not call list, they have not trained personnel engaged in telemarketing on the use of the do-not-call list, they do not record requests of individuals to be placed on the do-not-call list, and they do not identify themselves when placing calls to consumers.

13. The Vanderbilt defendants have also been notified that their calls were illegal, and yet they persisted. The Plaintiff even called the legal department at Vanderbilt University to inform them of what they were doing and how it violated the TCPA, and yet the calls continued to the Plaintiff.

14. Vanderbilt even has a recording which illustrates that they know they are making illegal automated calls which states : *"You may have recieved a call that indicates this number as the caller ID; however, this number is not associated with an individual phone at Vanderbilt. If you are not expecting a call from Vanderbilt, please disregard this call."* Suggesting that Vanderbilt thinks they can just annoy people with hundreds of automated calls and the individuals should just ignore the calls.

15. When the Plaintiff spoke to an operator with Vanderbilt, she stated that she answers the calls for BOTH the University and the Hospital and the 615-343-0473 is a trunk line that is automatically placed as the outgoing caller ID for all outgoing calls from both the Hospital and the University. The operater stated that she would have no idea who called the Plaintiff and it could have been anyone from any department in the entire system. The operator stated that she gets calls

from consumers asking who called and why "all the time" in calling back the Vanderbilt number.

### Actual Damages

16. The Plaintiff alleges actual damages have been incurred in this case. The repeated and unwelcome phone calls constitue a common law invasion of privacy claim against the defendants as the Plaintiff has a right to be left alone and by making repeated unsolicited calls to the Plaintiff, particularly after being sued, infringes on that right to be left alone.

17. The conduct of the defendants has resulted in the intentional infliction of emotional distress to include, trouble concentrating, frustruation, inconvenience, stress, and annoyance.

18. The Plaintiff also alleges that the fact that he must sue and engage in these legal proceedings to recover damages for the previous phone calls to constitute additional damages to include frustruation, inconvenience, stress, and annoyance.

### CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

19. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), 47 CFR 64.1200(b), and 47 CFR 64.1200(c)

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

21. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

## 23. CAUSES OF ACTION:

## COUNT III

### Invations of Privacy and Intentional infliction of Emotional Distress

24. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The foregoing actions by the Defendants constitutes common law invasion of privacy and intentional infliction of emotional distress.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Actual damages of $100,000

D. Pre-judgment interest from the date of the phone calls.

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham, Plaintiff, Pro-se, 2/15/2016

**Mailing address:**

5543 Edmondson Pike, ste 248 Nashville, TN 37211 **Ph:** 615-348-1977

**Extremely Urgent**

Visit **ups.com®** or call **1-800-PICK-UPS®** (1-800-742-5877) to schedule a pickup or find a drop off location near you.

**Domestic Shipments**
- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more...

**International Shipments**
- The UPS Express Envelope...
  value. Certain countries...
  ups.com/importexport
- To qualify for the Letter...
  UPS Express Envelope...

Note: Express Envelope...
containing sensitive p...
or cash equivalent.

**Reusable Express Envelope Letter Size**

Reduce paper waste by using this envelope a second time either to return to sender or to ship to another recipient. See reuse instructions on flap above.

**Decision Green℠**

Decision Green is UPS's environmental platform, reflecting our pursuit of sustainable business practices worldwide. For example, this envelope is made from 100% recycled material and is both reusable and recyclable.

100% Recycled fiber
80% Post-Consumer

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

010195112 01/10 BL United Parcel Service, Louisville, KY

US DISTRICT COURT
801 BROADWAY
NASHVILLE TN 37203-3811

P: WHITE    S: BW2    I: SOU
AMIL-8230
1Z760X14018011   2198   1030
TEN2BJB
US  3722   THHH1186   FEB 16 06:46:56 2016
HIP 15.9.3   ZEBRAZH400

SHIP US DISTRICT COURT
TO: 801 BROADWAY

CRAIG CUNNINGHAM
(615) 348-1977
5543 EDMONDSON PIKE
STE 248
NASHVILLE TN 37211-5808

SHP WT: 1 LBS
0.8 LBS    LTR 1 OF 1
DATE: 15 FEB 2016

NASHVILLE TN 37203-3804

UPS NEXT DAY AIR
TRACKING #: 1Z 750 X14 01 8011 2198

TN 371 9-02

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®

Do not use this envelope for:

UPS Ground
UPS Standard
UPS 3 Day Select®
UPS Worldwide Expedited®

Apply shipping documents on this side.

**RECEIVED**
IN CLERK'S OFFICE
FEB 16 2016
U.S. DISTRICT COURT
MID. DIST. TENN.