**FILED**
AUG 19 2016 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

) Craig Cunningham

) Plaintiff, pro se

)

) v.

**CIVIL ACTION NO.** 3:16-cv-0223

)

) The Vanderbilt University and Vanderbilt University Medical Center

)

) Defendants

## Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. The Vanderbilt University is a Tennessee Corporation operating from 305 Kirkland Hall, Vanderbilt University, Nashville, TN 37240. They can be served via registered agent at 305 Kirkland Hall, General Counsel, Nashville, TN 37240.

3. Vanderbilt University Medical Center is a Tennessee corporation operating from 1161 21st Ave., S. ste D3300 MCN, Nashville, TN 37211 and can be served via registered agent: National Registered Agents, Inc., 800 S. Gay Street, ste 2021, Knoxville, TN 37929.

4. John/Jane Does 1-5 are other liable parties/entities which are currently unknown to the Plaintiff, but should be known through discovery.

## Jurisdiction

5. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Tennessee in placing numerous phone calls to consumers in the state of Tennessee as part of a robocall marketing campaign in which tens of thousands of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

6. Specific personal jurisdiction is apparent for the defendants as the claims rise out of and are related to the contacts by the defendants to the Plaintiff residing in Tennessee, including but not limited to committing tortious conduct within Tennessee, causing injury to Tennessee residents arising out of acts and omissions comitted while engaged in solicitation and service activities within Tennessee.

7. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

## FACTUAL ALLEGATIONS

8. Over the past several years, the Plaintiff received over 400 automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-212-

9191 from one or both of the Defendants using an outgoing caller ID of 615-343-0473 and 615-327-4751 most recently.

9. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator. The Defendants used an automated telephone dialing system, as defined by the TCPA 47 USC 227 (hereafter ATDS) to call the Plaintiff's cell phone 615-212-9191.

10. The calls came within quick succession of each other sometimes mere 1-2 seconds apart, which is far, far beyond the capability of a human manually dialing the calls, which suggests that the calls were initiated by an automated telephone dialing system.

11. Additionally, the calls never left a voicemail, which suggests they contained a pre-recorded message and the automated system initiating the calls was setup to avoid leaving messages on answering machines or voicemail systems, which is again characteristic of calls initiated by an automated telephone dialing system. Additionally, most individuals that are calling once and certainly 400+ times would at one point or another decide to leave a voicemail or message.

12. Furthermore, the calls contained a pre-recorded message. The calls were not for an emergency purpose and were placed without the Plaintiff's prior express written consent. Upon information and belief, some of the calls were placed as part of some sort of fundraising campaign. It isn't clear at this point which entity, the school or hospital or both were placing the calls.

13. The Plaintiff has never been seen by any medical practitioner at the Vanderbilt Hospital, and the Plaintiff has never attended or applied to Vanderbilt University. There is no objective reasony why anyone from either the hospital or school would be calling the Plaintiff for any reason.

14. By placing automated calls to the Plaintiff's cell phone, the calls violated 47 USC 227(b)(1)(A)(iii). By placing calls with pre-recorded messages to the Plaintiff's cell phone, the calls violated 47 USC 227(b)(1)(A)(iii), which entitles the Plaintiff to $1500 per call pursuant to 47 USC 27(b)(3).

15. The Vanderbilt defendants have also been notified that their calls were illegal, and yet they continued to allow calls to be placed to the Plaintiff. The Plaintiff even called the legal department at Vanderbilt University to inform them of what they were doing and how it violated the TCPA, and yet the calls continued to the Plaintiff.

16. Vanderbilt even has a recording which illustrates that they know they are making illegal automated calls which states : *"You may have recieved a call that indicates this number as the caller ID; however, this number is not associated with an individual phone at Vanderbilt. If you are not expecting a call from Vanderbilt, please disregard this call."* Suggesting that Vanderbilt thinks they can just annoy people with hundreds of automated calls and the individuals should just ignore the calls.

17. When the Plaintiff spoke to an operator with Vanderbilt, she stated that she answers the calls for BOTH the University and the Hospital and the 615-343-0473

is a trunk line that is automatically placed as the outgoing caller ID for all outgoing calls from both the Hospital and the University. The operater stated that she would have no idea who called the Plaintiff and it could have been anyone from any department in the entire system. The operator stated that she gets calls from consumers asking who called and why "all the time" in calling back the Vanderbilt number.

## Actual Damages

18. The Plaintiff alleges actual damages have been incurred in this case. The repeated and unwelcome phone calls constitue a common law invasion of privacy claim against the defendants as the Plaintiff has a right to be left alone and by making repeated unsolicited calls to the Plaintiff, particularly after being sued, infringes on that right to be left alone.

19. The Plaintiff recieved multiple phone calls which caused him to lose focus, annoyance, frustruation, stress, and inconvenince. The Defendants intentionally intruded on the Plaintiff's solitude and seclusion by intentionally placing over 400 phone calls to his cell phone. Most reasonable people would be highly offended to receive over 400 phone calls, particularly when they are hang up calls and no message is left.

20. The defendants intentiaonlly or recklessly engaged in placing over 400 phone calls to the Plaintiff, which is outrageous to a civilized society and resulted in serious mental injury to the Plaintiff. A reasonable person, normally constituted

would be unable to adequately cope with the mental stress engendered by the circumstances of receiving over 400 phone calls.

21. The conduct of the defendants has resulted in the intentional infliction of emotional distress to include, trouble concentrating, frustration, inconvenience, stress, anger, and annoyance.

22. The Plaintiff also alleges that the fact that he must sue and engage in these legal proceedings to recover damages for the previous phone calls to constitute additional damages to include frustration, inconvenience, stress, and annoyance.

## CAUSES OF ACTION:

## COUNT I

## Violations of the Telephone Consumer Protection Act (TCPA)

23. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

24. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

## 25. CAUSES OF ACTION:

## COUNT II

## Invations of Privacy and Intentional infliction of Emotional Distress

26. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27. The foregoing actions by the Defendants constitutes common law invasion of privacy and intentional infliction of emotional distress.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $1500 for each phone call.

C. Actual damages of $100,000

D. Pre-judgment interest from the date of the phone calls.

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

*Craig Cunningham*
Plaintiff.

Craig Cunningham, Plaintiff, Pro-se, 8/19/2016

**Mailing address:**

5543 Edmondson Pike, ste 248 Nashville, TN 37211 **Ph:** 615-348-1977

US District Court for the Middle District of TN

)     Craig Cunningham

)     Plaintiff, pro se

)

)        v.

**CIVIL ACTION NO.** 3:16-cv-0223

)

)     The Vanderbilt University and Vanderbilt University Medical Center

)

## Certificate of Service

I hereby certify a true copy of the foregoing was mailed to the attorney of record in this case for the defendants via USPS first class mail on 8/19/2016

*Craig Cunningham*
Plaintiff,

Craig Cunningham, Plaintiff, Pro-se, 8/19/2016

**Mailing address:**

5543 Edmondson Pike, ste 248 Nashville, TN 37211 **Ph:** 615-348-1977